**RONALD M., Petitioner,**

v.

**Leonard DUNSTON, Director of the New York State Division for Youth, Respondent.**

**No. 85 Civ. 3551 (RLC).**

United States District Court, S.D. New York.

Jan. 2, 1986.

Lenore Gittis, Attorney for Petitioner Legal Aid Soc., Juvenile Rights Div., New York City, for petitioner; Mary A. Clark, of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel of City of New York, New York City, for respondent; Diane Morgenroth, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

The petition for a writ of habeas corpus, filed on May 9, 1985, was referred to Magistrate Buchwald on July 9, 1985, for all purposes, including a report and recommendation. Magistrate Buchwald filed her report and recommendation on October 23, 1985, recommending that the petition be denied. Counsel for petitioner by letter dated November 1, 1985, requested an extension until November 15, 1985, to file objections to the Magistrate's report "due to the press of work and scheduled appellate arguments." The objections were duly and timely filed on November 15, 1985.

Because of the objections, the matter must be reviewed by the court *de novo.* However, there is full accord and agreement as to what happened so that the only issue raised for review is whether Magistrate Buchwald is correct in her analysis of the law governing the case. Since the court concludes that the Magistrate is correct on the law, her report and recommendation is accepted and adopted as the judgment of the court.

## FACTS

On March 6, 1984, petitioner, then 15 years of age, was arraigned before Family Court in New York County on charges of third degree grand larceny and resisting arrest. He was paroled to his mother's custody pending a fact-finding hearing scheduled for April 12, 1984. The fact-finding hearing was later adjourned to May 11, 1984. A pretrial *Wade* hearing was held on the morning of May 11, 1984, and the fact-finding hearing was held in the afternoon.

On the morning of May 11, 1984, prior to the *Wade* hearing, the Law Guardian representing the juvenile informed the court that the youth's mother had telephoned him at 8:30 that morning advising him that she was too ill to come to court that day and requested an adjournment so that she could be present at the hearing. The Corporation Counsel opposed the request alleging that her witnesses, one of whom had come from Woodstock, New York, were present and available to testify. Nothing was presented to the court to substantiate the illness of the mother, and no inquiry was made by the court concerning the future availability of prosecution witnesses. The Law Guardian objected to proceeding in the absence of the mother. The court overruled these objections and proceeded with the hearing.

At the conclusion of the fact-finding proceedings, the court found petitioner guilty of both charges and remanded the petitioner to secure detention facilities pending his dispositional hearing. On May 23, 1984, petitioner was placed in a Title III facility with the Division for Youth for a period not to exceed 18 months. Petitioner was paroled to his mother on December 6, 1984, but remains in respondent's custody for the duration of his placement.

Petitioner appealed to the Appellate Division, First Department, of the Supreme Court of the State of New York. The Family Court order was affirmed. Petitioner sought leave to appeal to the New York State Court of Appeals on grounds of conflict between the First and Second Departments. The appeal was denied. He then appealed to the New York State Court of Appeals as of right, and the appeal was dismissed.

## DETERMINATION

The sole question in this case is whether proceeding with the hearing in the absence of the mother denied petitioner federal due process rights to parental notification of delinquency proceedings. The court has no difficulty in concluding that no due process rights were violated. Petitioner places undue reliance on *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The *Gault* court enunciated a requirement that

parents be notified in writing of specific charges against the juvenile "at the earliest practicable time and in any event sufficiently in advance of the hearing to permit preparation." Id. at 33, 87 S.Ct. at 1446.

The thrust of *Gault* was advance notice to parents of the specific charges against juveniles so that they could take appropriate steps for the defense of their children who are being proceeded against in Family Court. *Gault* does not provide a basis for the contentions made here that a juvenile whose parent, having ample notice of the charges and of the hearing date, notifies the court that she cannot be present on the scheduled date, is denied basic constitutional rights if the court proceeds with the hearing. The due process protection *Gault* sought to preserve had already been accorded petitioner in this case. The parent had notice of the charges and the date of the hearing. The latter had been postponed almost one month from the time it was originally scheduled. The mother, accordingly, had ample opportunity to do whatever was in her means to assist in preparation of petitioner's defense. That is all that is required under the due process clause.

The petition for a writ of habeas corpus is denied.

IT IS SO ORDERED.